

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2007

# Tillio v. Radnor Pol

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4511

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Tillio v. Radnor Pol" (2007). *2007 Decisions.* Paper 940.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/940

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4511

_____

PATRICK D. TILLIO, SR.,

Appellant

v.

RADNOR POLICE

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 06-cv-02571)
District Judge: Hon. Cynthia M. Rufe

_____

Submitted Under Third Circuit LAR 34.1(a)
April 27, 2007

BEFORE: RENDELL, HARDIMAN and COWEN, <u>CIRCUIT JUDGES</u>

(Filed June 14, 2007)

_____

OPINION

_____

PER CURIAM

Patrick D. Tillio, Sr. appeals pro se the order of the United States District Court for

the Eastern District of Pennsylvania dismissing his civil rights action for lack of

jurisdiction.

In 2006, Tillio filed a civil rights complaint claiming that a Radnor Police charge from 1960 for "possible domestic violence" "did not happen." He attached copies of a "decree" dated June 1, 2004, and a "Notice of Appeal" from an order issued by the Court of Common Pleas, Delaware County. The decree is entitled "Objections and Exceptions of Patrick D. Tillio," and is signed by Honorable William J. Furber, Jr., of the Court of Common Pleas, Delaware County. The decree contains no order language. Superimposed on the front page of the decree is a copy of Tillio's criminal record from the Pennsylvania State Police. The State Police record indicates that a "Patrick Daniel Tillio" was arrested on August 8, 1960, by the Radnor Police for "possible domestic violence." The record contains no information about the disposition of the criminal case. Tillio claims that "I did not do this." According to Tillio, District Attorney Nicole McCauley reviewed his case and found "nothing there." Tillio's request for relief is inartfully written. It appears from the complaint that Tillio wants the case "thrown out" and his criminal history record expunged.[1]

The Radnor Police ("Radnor") filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Radnor claimed that, to the extent Tillio sought to appeal a state court order, the District Court lacked jurisdiction to

---

[1] According to Tillio's appellate brief, his complaint sought to "strike" the judgment in the 1960 case. See Informal Brief at ¶ 2. He cites cases he has filed and unsuccessfully appealed in state court that may or may not be related to the matter he complains of here. He repeatedly states that he "is not the one," that it "did not happen," and that it was "not the appellant." Id. at ¶ 3. He seeks ten million dollars in damages.

consider it under the <u>Rooker-Feldman</u> doctrine.[2] To the extent that Tillio's complaint could be construed as something other than an appeal of a state court order, Radnor contended that the District Court lacked subject matter jurisdiction because the complaint raised no federal question. Finally, Radnor argued that, to the extent the District Court had jurisdiction, the complaint failed to state a claim upon which relief could be granted because Tillio has no constitutional right to have his allegedly inaccurate criminal record expunged.

The District Court agreed and dismissed the complaint for lack of jurisdiction and, in the alternative, for failure to make out a federal claim.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal of the complaint for lack of jurisdiction and for failure to state a claim is plenary. See <u>In re Kaiser Group Intern. Inc.</u>, 399 F.3d 558, 561 (3d Cir. 2005) (jurisdiction); <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996) (failure to state a claim). We will affirm for substantially the same reasons set forth in the District Court's opinion.

We agree with the District Court that Tillio's Complaint fails to state a claim upon which relief may be granted. The Complaint contains no factual allegations against the Radnor Police. But even if it did, we conclude that the Complaint, taken as true, does not allege the violation of a Constitutional right.

Accordingly, we will affirm the judgment of the District Court.

---

[2] See <u>District of Columbia Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).